Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

2007 APR 11 A 9:19

2:07-CV-310-MEF

| United States District Court | District Middle District of Alabama |
|---|---|

| Name (under which you were convicted): Jerry Joseph Higdon, Jr. | Docket or Case No.: 03-00043-CR-N-T |
|---|---|

| Place of Confinement: United States Penitentiary, Beaumont, Texas | Prisoner No.: 11167-002 |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. Jerry Joseph Higdon Junior | |

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
United States District Court for the Middle District of Alabama Northern
Division

   (b) Criminal docket or case number (if you know): 09-00043-CR-N-1

2. (a) Date of the judgment of conviction (if you know): May 09, 2003

   (b) Date of sentencing: August 08, 2003

3. Length of sentence: 145 years

4. Nature of crime (all counts): Count II Aiding and Abetting Dist. of  7 grams "ICE"
21U.S.C.§841(a)(1) and 18U.S.C.§2, Count III Aiding and Abetting Dist. of 7
grams "ICE 21 U.S.C.§841(a)(1) and 18 U.S.C.§2, Count IV Aiding and Abetting
Possession with intent to Dist. 6.9 grams "ICE" 21 U.S.C. §841(a)(1) and
Count X Drive by Shooting 18 U.S.C. §36(b)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to? _____
   N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☒    No ☐

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9. If you did appeal, answer the following:

    (a) Name of court: United States Court of Appeals for the 11th Circuit

    (b) Docket or case number (if you know): No. 03-14365

    (c) Result: Affirmed both Conviction and Judgement

    (d) Date of result (if you know): September 27, 2004

    (e) Citation to the case (if you know):122 Fed Appx 985(11th Cir 2004) US V Higdon,

    (f) Grounds raised:     418 F.3d 1136 (11th Cir 2005)

    1) Whether the evidence at trial demonstrated that the defendant was

    entrapped as to counts I and II and was entitled by the weight of evidence

    to a Judgement of Acquittal?  2) Whether the District Court erred by not

    ordering an evidentiary hearing prior to denying Higdon's renewed Motion

    for new trial based upon newly discovered evidence? See Appx 1 for

    Other three grounds.

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☒    No ☐

      If "Yes," answer the following:

      (1) Docket or case number (if you know): 04-10221

      (2) Result: Certiorari Granted  Judgement Vacated and Remanded back to

    the 11th Circuit Court of Appeals in light of Booker v. US 543 US___,125 S.Ct. 738

      (3) Date of result (if you know): October 03, 2005

      (4) Citation to the case (if you know): U.S. v. Higdon ___ US ___ (2005)

      (5) Grounds raised: A.  The Court of Appeals Decision is in violation of

    the Fifth and Sixth Amendments to the United States Constitution and

    established Supreme Court precedent which requires that any fact which

    increases the penalty for a crime beyond the prescribed statutory maximum

    must be submitted to a jury and proved beyond a reasonable doubt.

    1)  The Court of Appeals Improperly Denied Higdon's Petition for

    Rehearing and Improperly Affirmed Higdon's Sentence (see Appx 2)

10. Other than the direct appeals listed above, have you previously filed any other motions,

    petitions, or applications concerning this judgment of conviction in any court?

    Yes ☒    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: Eleventh Circuit Court of Appeals

      (2) Docket or case number (if you know): 03-14365 EE

      (3) Date of filing (if you know): January 24, 2006

Page 3 section 9 (f) continued:

Grounds Raised:

3)   Whether the District Court erred in failing to grant Higdon's Motion for
Judgement of acquittal at the conclusion of the government's case in chief
as to counts IV on the grounds of insufficient evidence to support a verdict
that Higdon possessed "ICE" Methamphetamine on December 11, 2002 with intent
to distribute?

4)   Whether the District Court misconstrued the requirements of Fed. R. Cr. P. 33
as to motions for new trial presented during the pendency of an appeal by
denying Higdon's renewed motion for new trial based upon a violation of
**Brady v. Maryland 10 L. Ed. 2d 215 (1963)**

5)   Whether the District Court erred at sentencing in the amount of drugs to be
considered in calculating the base offense level?

APPX 1

APPX 1

Page 3 Section 9(g)(1) Continued

Grounds Raised:

in clear violation of the Fifth and Sixth Amendments of the Constitution
and Supreme Court Opinion.

2.    The Court of Appeals improperly denied Higdon's petition to file supplemental
argument in the light of **Blakely v. Washington 124 S.Ct. 2531, 159 L. Ed. 2d 403
2004 U.S. Lexis 4573 (2004)**

B.    The Circuits are split in Their application of the Supreme Court's Mandate
that Booker/Fanfan Decision applies to all cases on Direct Review and must
be reviewed for Plain Error.

C.    The Court of Appeals improperly applied **Brady v. Maryland 10 L. Ed. 2d 215 (1963)**
and other Supreme Court Precedent as well as Circuit Precedent in denying
remand to the District Court for Review of Higdon's renewed motion for new trial

D.    The Court of Appeals improperly applied Circuit Precedent and upheld the denial
of an Evidentiary Hearing based upon newly discovered evidence.

E,    The Panel improperly found that the evidence at trail demonstrated that the
Defendant was not entrapped as to counts II and III and was therefore not
entitled by the weight of evidence to a Judgement of Accquital.

(4) Nature of the proceeding: Appellant's Petition for Panel Rehearing and Pettition for rehearing en banc

(5) Grounds raised: _____

1) The Court incorrectly determined that the Appellant had not raised the issue of the improper sentencing enhancement at the trial court or on direct appeal  A) Higdon raised a specific objection and argument Sufficient to meet the liberal test B)  The Plain Error Test _____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐ No ☒

(7) Result: Judgement of 145 years reinstated _____

(8) Date of result (if you know): April 07, 2006 _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: __N/A_____

(2) Docket or case number (if you know): _N/A_____

(3) Date of filing (if you know): _____N/A_____

(4) Nature of the proceeding: _N/A_____

(5) Grounds raised: _____N/A_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐ No ☒

(7) Result: _____N/A_____

(8) Date of result (if you know): _____N/A_____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☒ No ☐

(2) Second petition:    Yes ☐ No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: <u>Appellant Council refused to request either Petition for Writ</u> <u>of Mandamus or request to file secondary Writ of Certiorari stating that</u> <u>She did not feel that it would get a result.</u>

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** <u>**Petitioner was denied his Sixth Amendment Right to the U.S. Const.,**</u> <u>**by virtue of his Trial/Appellate counsels following inactions:**</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>1) Council failed to properly object when the District Court was preparing to</u> <u>use enhancements for specific criminal offense level increase to move Defendant</u> <u>from level 28 to level 44, based upon unfounded issues not brought before the</u> <u>Jury which was a clear Jones/Apprendi issue. 2) Council failed to properly</u> <u>investigate the confidential informants and their reliability. 3) Council failed</u> <u>to investigate and properly prepare for argument on drug amounts which were in</u> <u>proffer. Clearly Jones/Apprendi issue and Circuit Precedent as defined in ROGERS</u> <u>99-15150 9/29/200 and Swatzie 00-1079 9/29/2000 4) Council failed to object</u> <u>to the playing of taped evidence at trial that had not been shown to have met</u> <u>the Rules of Evidence §901(a) or to investigate the authenticity of said tapes</u> <u>prior to the actual trial.</u>

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: <u>Appellant Council was</u> <u>Same as Trial Council. Council can not raise ineffective assistance of</u> <u>oneself .</u>

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: <u>     N/A     </u>

Name and location of the court where the motion or petition was filed: <u>   N/A   </u>

Page 6

Docket or case number (if you know): ___N/A___

Date of the court's decision: ___N/A___

Result (attach a copy of the court's opinion or order, if available): ___N/A___

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___N/A___

Docket or case number (if you know): ___N/A___

Date of the court's decision: ___N/A___

Result (attach a copy of the court's opinion or order, if available): ___N/A___

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ___N/A___

GROUND TWO: Petitioner was denied his Sixth Amendment Right to the U.S.Const., by virtue of his Trial/Appellate Counsels following inactions:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Defendant specifically requested that Council raise three cited cases and supporting arguments on Direct Appeal. Council failed to raise Apprendi argument as requested by Defendant resulting in denial of Booker/Fanfan claim on supplemental brief and subsequent affirmation of Defendants 145 year sentence.

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _____

       can not raise ineffective assistance of appellants Council on Direct

    _____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: __N/A_____

    Name and location of the court where the motion or petition was filed: ___N/A_____

    _____

    Docket or case number (if you know): _____N/A_____

    Date of the court's decision: ___N/A_____

    Result (attach a copy of the court's opinion or order, if available): __N/A_____

    _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____N/A_____

    _____

    Docket or case number (if you know): ___N/A_____

    Date of the court's decision: _____N/A_____

    Result (attach a copy of the court's opinion or order, if available): _N/A_____

    _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:   __N/A__

_____

_____

_____

_____

GROUND THREE: _Petitioner was denied his Due-Process Rights to the U.S.Const.,_ _by virtue of the gonernments following violations:_ ____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
 _1) Government failed in their duty to relinquish all known favorable statements,_ _Tape recordings,and otherwise Complete Brady Evidence...2) Government failed_ to _correct known false testimony made by government witnesses._ ____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: __N/A__

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: __Motion for New Trial based on newly discovered evide__nce.

    Name and location of the court where the motion or petition was filed:__District Court For Th__e __Middle District Of Alabama Northern Division.__ ____

    Docket or case number (if you know): __Case No.03-0043-CR-N-1.Doc.#(s)106,113.__

    Date of the court's decision: __July,2nd,2003__

Result (attach a copy of the court's opinion or order, if available): _____

__Petition for new trial based on newly discovered evidence denied. due to__

__district court not having jurisdiction while on direct appeal.__

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☒  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☒  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Eleventh Circuit Court of Appeals__

_____

Docket or case number (if you know): __03-14365__

Date of the court's decision: __September 27, 2004__

Result (attach a copy of the court's opinion or order, if available): __Motion Denied__

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____N/A__

_____

GROUND FOUR: __Petitioners was denied his Due-Process Rights to the U.S.Const.,__

__By virtue of the sentencing courts improper sentencing inhancements as follows:__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

__The court improperly inhanced on known unreliable statements.__

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: __Appellant counsel was trial counsel,counsel can not raise ineffective assistance of oneself. This is petitioners first chance to raise ineffectiveness of counsel.__

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: __N/A__

Name and location of the court where the motion or petition was filed: __N/A__

Docket or case number (if you know): __N/A__

Date of the court's decision: __N/A__

Result (attach a copy of the court's opinion or order, if available): __N/A__

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __N/A__

Docket or case number (if you know): __N/A__

Date of the court's decision: __N/A__

Result (attach a copy of the court's opinion or order, if available): __N/A__

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:  __Counsel was Ineffective.__ _____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __Ground 1,Ineffectiveness of Trial Counsel; Ground 2,Ineffec-__ __tiveness of Appellate counsel; Ground 3, ineffectiveness of Appellate counsel;__ __Ground 4, Ineffective assistance Appellate counsel.__ _____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. __N/A__ _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: __Michael J. Petersen__ _____
__631 South Perry Street, Montgomery, Alabama 36104__ _____
(b) At arraignment and plea: __Same as (a)__ _____

_____

(c) At trial: __Same as (a)__ _____

_____

(d) At sentencing: __Same as (a)__ _____

_____

(e) On appeal: ____Same as (a)_____

_____

(f) In any post-conviction proceeding: _____Pro se_____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: ___N/A_____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: ___N/A_____

_____

    (b) Give the date the other sentence was imposed: ___N/A_____

    (c) Give the length of the other sentence: _N/A_____

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐  No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>Reverse, Vacate and Remand</u> <u>Appellant back to the District Court for the Middle District of Alabama</u> <u>Northern Division for new trial.</u>

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on <u>April 06,</u> <u>2007</u> (month, date, year).

Executed (signed) on <u>April 05, 2007</u> (date).

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

\*\*CONFIDENTIAL\*\*

JERRY JOSEPH HIGDON, JUNIOR
REGISTER NUMBER 11167-002
UNITED STATES PENITENTIARY
POST OFFICE BOX 26030
BEAUMONT, TEXAS 77720-6030

\*\*\*LEGAL MAIL\*\*\*
\*\*CONFIDENTIAL\*\*



CONFIDENTIAL

LEGAL MAIL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
C/O DEBRA P. HACKETT CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

27BD, CLOSED

# U.S. District Court
## Alabama Middle District (Montgomery)
## CRIMINAL DOCKET FOR CASE #: 2:03-cr-00043-MEF-1
## Internal Use Only

Case title: USA v. Higdon                          Date Filed: 02/27/2003
Magistrate judge case number: 2:03-mj-00004

Assigned to: Hon. Chief Judge Mark
E. Fuller

*2:07-cv-310-MEF* (handwritten)

**Defendant**

**Jerry Joseph Higdon, Jr.** (1)          represented by  **Michael J. Petersen**
*TERMINATED: 12/30/2003*                            Federal Defenders
                                                    Middle District of Alabama
                                                    201 Monroe Street, Suite 407
                                                    Montgomery, AL 36104
                                                    334-834-2099
                                                    Fax: 334-834-0353
                                                    Email: michael_petersen@fd.org
                                                    *TERMINATED: 12/30/2003*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Public Defender or*
                                                    *Community Defender Appointment*

**Pending Counts**                               **Disposition**

                                                 480 months on each of counts 2,3
                                                 and 4 consecutive to each other; 5
                                                 years supervised release
                                                 concurrently with each other; $100
                                                 SA on each of counts 2,3, and 4;
21:841(a)(1)- DISTR/CONTR                        total restitution in the amount of
SUBST - NMT $2,000,000*; NLT 5Y                  $3,478.00 as follows: $2,515,00 to
NMT 40Y, B; NLT 4Y SUP REL;                      Holl oway Credit Solutions; $538.00
$100 SA; VWPA; G-LINES                           to Delta Recovery Systems;
(2)                                              $425.00 to Pro Bill; restitution and
                                                 assessment fee are due
                                                 immediately and any balance
                                                 remaining at the start of supervision
                                                 shall be paid at the rate of not less
                                                 than $150.00 per months

21:841(a)(1) DISTR/CONTROLLED SUBST - NMT $2,000,000*; NLT 5Y NMT 40Y, B; NLT 4Y SUP REL; $100 SA; VWPA; G-LINES (3-4)

480 months on each of counts 2,3 and 4 consecutive to each other; 5 years supervised release concurrently with each other; $100 SA on each of counts 2,3, and 4; total restitution in the amount of $3,478.00 as follows: $2,515,00 to Holl oway Credit Solutions; $538.00 to Delta Recovery Systems; $425.00 to Pro Bill; restitution and assessment fee are due immediately and any balance remaining at the start of supervision shall be paid at the rate of not less than $150.00 per months

18:36(b) DRIVE-BY SHOOTING - NMT $250,000*; NMT 25Y, B; NMT 3Y SUP REL; $100 SA; VWPA; G-LINES (10)

300 months to be served consecutively to sentences imposed on Counts 2,3 and 4; Court recommends defendant be designated to a facility8 where Intensive Residential substance Abuse Treatment is available; 5 years supervised release to run concurrently with the supervised release in counts 2,3 and 4; $100 special assessment fee (TOTAL ASSESSMENT FEE is $400.00) which is due immediately.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                           **Disposition**

21:846- CONSP/DISTR CONTR/SUBST - NMT $2,000,000*; NLT 5Y NMT 40Y, B; NLT 4Y SUP REL; $100 SA; VWPA; G-LINES (1)

Acquitted

21:841(a)(1) POSS/DISTB CONT SUBST - NMT $1,000,000*; NMT 20Y, B; NLT 3Y SUP REL; $100 SA; VWPA; G-LINES (5)

Acquitted

21:841(a)(1) - DISTR/CONTR SUBST - NMT $1,000,000*; NMT

Acquitted

20Y, B; NLT 3Y SUP REL; $100
SA; VWPA; G-LINES
(6)

18:924(c)(1)(A)(ii) -
FIREARM/POSS/DRUG CRIME -
NMT $250,000*; NLT 7Y,                    Acquitted
CONSECUTIVE, B; NMT 3Y SUP
REL; $100 SA; VWPA; G-LINES
(7)

18:924(c)(1)(A)(iii) -
FIREARM/POSS/DRUG CRIME             Acquitted
(8)

18:924(c)(1)(B)(i) -
FIREARM/POSS/DRUG CRIME -
NMT $250,000*, NLT 10Y              Acquitted
CONSECUTIVE, B; NMT 3Y SUP
REL; $100 SA; VWPA; G-LINES
(9)

## Highest Offense Level
## (Terminated)

Felony

## Complaints                        ## Disposition

None

## Plaintiff

**United States of America**    represented by **Stephen P. Feaga**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: steve.feaga@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/28/2003 | 1 | COMPLAINT as to Jerry Joseph Higdon, John Gabriel Medley, Tammy Kincaid [ 2:03-m -4 ] (jct) (Entered: 01/28/2003) |

| 01/28/2003 | 2 | Arrest WARRANT issued as to Jerry Joseph Higdon [ 2:03-m -4 ] (jct) (Entered: 01/28/2003) |
|---|---|---|
| 01/28/2003 | | **Added Government Attorney Stephen P. Feaga as to Jerry Joseph Higdon, John Gabriel Medley, Tammy Kincaid [ 2:03-m -4 ] (jct) (Entered: 01/28/2003) |
| 01/28/2003 | | **Added party US Marshals Service, Montgomery U.S. Probation, U.S. Pretrial [ 2:03-m -4 ] (jct) (Entered: 01/28/2003) |
| 01/29/2003 | | ARREST of Jerry Joseph Higdon, John Gabriel Medley, Tammy Kincaid [ 2:03-m -4 ] (ws) (Entered: 01/29/2003) |
| 01/29/2003 | | Initial appearance as to Jerry Joseph Higdon, John Gabriel Medley, Tammy Kincaid held before Mag. Judge Charles S. Coody on 1/29/03 (Defendant informed of rights.) [ 2:03-m -4 ] (ws) (Entered: 01/29/2003) |
| 01/29/2003 | 5 | CJA 23 FINANCIAL AFFIDAVIT by Jerry Joseph Higdon [ 2:03-m -4 ] (ws) (Entered: 01/29/2003) |
| 01/29/2003 | | **Added for Jerry Joseph Higdon Attorney Michael J. Petersen [ 2:03-m -4 ] (ws) (Entered: 01/29/2003) |
| 01/29/2003 | 6 | MOTION by USA as to Jerry Joseph Higdon Detention for Hearing [6-1] referred to Mag. Judge Charles S. Coody [ 2:03-m -4 ] (ws) (Entered: 01/29/2003) |
| 01/29/2003 | 7 | Courtroom Deputy's Minutes as to Jerry Joseph Higdon : Initial Appearance - 3:40 - 3:50 (Coody) [ 2:03-m -4 ] (ws) (Entered: 01/29/2003) |
| 01/29/2003 | | **Added ip party Jerry Joseph Higdon, John Gabriel Medley, Tammy Kincaid [ 2:03-m -4 ] (ws) (Entered: 01/29/2003) |
| 01/29/2003 | | Detention hearing as to Jerry Joseph Higdon, John Gabriel Medley set for 9:00 a.m. on 2/3/03 for Jerry Joseph Higdon, for John Gabriel Medley at U.S. Courthouse before Mag. Judge Charles S. Coody [ 2:03-m -4 ] (ws) (Entered: 01/29/2003) |
| 01/29/2003 | | Preliminary Examination as to Jerry Joseph Higdon, John Gabriel Medley, Tammy Kincaid set for 9:00 a.m. 2/3/03 for Jerry Joseph Higdon, for John Gabriel Medley, for Tammy Kincaid Courtroom 4B before Mag. Judge Charles S. Coody [ 2:03-m -4 ] (ws) (Entered: 01/29/2003) |
| 01/30/2003 | | NOTICE to Retained Criminal Defense Attorney mailed to Attorney Michael Petersen as to Jerry Joseph Higdon [ 2:03-m -4 ] (ws) (Entered: 01/30/2003) |
| 01/30/2003 | 15 | NOTICE of Appearance for Jerry Joseph Higdon by Attorney Michael Petersen [ 2:03-m -4 ] (ws) (Entered: 01/30/2003) |

| 01/30/2003 | 16 | ORDER of Temporary Detention as to Jerry Joseph Higdon Detention Hearing set for 9:00 a.m. on 2/3/03 for Jerry Joseph Higdon at Courtroom 4B; Preliminary Examination set for 9:00 a.m. on 2/3/03 for Jerry Joseph Higdon ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: Counsel, Deft, furnished to: USA, USM, USPO, USPTS, JT, YG, HC [ 2:03-m -4 ] (ws) (Entered: 01/30/2003) |
| --- | --- | --- |
| 02/03/2003 | 23 | Courtroom Deputy's Minutes as to Jerry Joseph Higdon : Detention Hearing/Preliminary Examination CONTINUED until 2/5/03 at 9:00 a.m (Witness list attached) [ 2:03-m -4 ] (jct) (Entered: 02/03/2003) |
| 02/03/2003 |  | Deadline updated as to Jerry Joseph Higdon, John Gabriel Medley, Tammy Kincaid, reset Detention Hearing for 9:00 2/5/03 for Jerry Joseph Higdon, for John Gabriel Medley before Mag. Judge Charles S. Coody in Courtroom 4B , reset Preliminary Examination for 9:00 2/5/03 for Jerry Joseph Higdon, for John Gabriel Medley, Tammy Kincaid before Mag. Judge Charles S. Coody in Courtroom 4B [ 2:03-m -4 ] (jct) (Entered: 02/03/2003) |
| 02/05/2003 |  | Detention hearing as to Jerry Joseph Higdon, John Gabriel Medley held before Mag. Judge Charles S. Coody on 2/5/03 [ 2:03-m -4 ] (jct) (Entered: 02/05/2003) |
| 02/05/2003 |  | Preliminary Examination as to Jerry Joseph Higdon, John Gabriel Medley, Tammy Kincaid held before Mag. Judge Charles S. Coody on 2/5/03 [ 2:03-m -4 ] (jct) (Entered: 02/05/2003) |
| 02/05/2003 | 27 | Courtroom Deputy's Minutes as to Jerry Joseph Higdon : Detention Hearing/Preliminary Examination (Witness list attached) (9:00 - 9:32 Coody) [ 2:03-m -4 ] (jct) (Entered: 02/05/2003) |
| 02/05/2003 | 31 | Arrest WARRANT Returned Executed as to Jerry Joseph Higdon on 1/28/03 [ 2:03-m -4 ] (ws) (Entered: 02/05/2003) |
| 02/05/2003 | 33 | ORDER as to Jerry Joseph Higdon, John Gabriel Medley, Tammy Kincaid that purusant to the preliminary hearing held the court finds that there is probable cause to believe that offenses have been committed by the defendants and that the defendant's be held to answer these charges against them in this court( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, USPTS, FD, JT [ 2:03-m -4 ] (ws) (Entered: 02/05/2003) |
| 02/05/2003 | 34 | ORDER as to Jerry Joseph Higdon, John Gabriel Medley that the defendants are committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, USPTS, FD, JT [ 2:03-m -4 ] (ws) (Entered: 02/05/2003) |

| 02/05/2003 | 35 | MOTION by Jerry Joseph Higdon for Michael J. Petersen to Withdraw as Attorney [35-1] referred to Mag. Judge Charles S. Coody [ 2:03-m -4 ] (ws) (Entered: 02/05/2003) |
|---|---|---|
| 02/05/2003 | | **Terminated document(s) as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter : (dmk) (Entered: 04/14/2003) |
| 02/05/2003 | | **Terminated document(s) as to Jerry Joseph Higdon Jr., John Gabriel Medley : terminating [9-1] motion for Detention Hearing as to John Gabriel Medley (1), terminating [6-1] motion Detention for Hearing as to Jerry Joseph Higdon (1) (dmk) (Entered: 05/27/2003) |
| 02/06/2003 | 36 | ORDER as to Jerry Joseph Higdon granting [35-1] motion for Michael J. Petersen to Withdraw as Attorney (Terminated attorney Michael J. Petersen for Jerry Joseph Higdon as to Jerry Joseph Higdon (1); that a panel attorney be and is hereby appointed to represent the defendant for further proceedings; Appointed counsel shall file a written notice of appearance with this court.( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, USPTS, FD [ 2:03-m -4 ] (ws) (Entered: 02/07/2003) |
| 02/10/2003 | 37 | NOTICE of Appearance for Jerry Joseph Higdon by Attorney Michael Petersen [ 2:03-m -4 ] (ws) (Entered: 02/10/2003) |
| 02/11/2003 | 38 | CJA 20 as to Jerry Joseph Higdon : Appointment of Attorney Michael J. Petersen( Signed by Mag. Judge Charles S. Coody ) , [ 2:03-m -4 ] (jct) (Entered: 02/11/2003) |
| 02/27/2003 | 39 | INDICTMENT as to Jerry Joseph Higdon (1) count(s) 1, 2, 3-4, 5, 6, 7, 8, 9, 10, John Gabriel Medley (2) count(s) 1, 6, 8, 9, 10, Tammy Kincaid Porter (3) count(s) 1, 6 (dmk) (Entered: 02/28/2003) |
| 02/27/2003 | | **Added Government Attorney Stephen P. Feaga as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter (dmk) (Entered: 03/03/2003) |
| 02/27/2003 | | **Added party Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter (dmk) (Entered: 03/03/2003) |
| 02/27/2003 | | ARRAIGNMENT as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter set for 10:00 3/12/03 for Jerry Joseph Higdon Jr., for John Gabriel Medley, for Tammy Kincaid Porter at Courtroom 5A before Mag Judge Vanzetta P. McPherson (dmk) (Entered: 03/03/2003) |
| 02/27/2003 | | Magistrate Judge Vanzetta McPherson assigned to case for discovery matters as well as matters subsequently referred by District Judge . (dmk) (Entered: 03/03/2003) |
| 02/27/2003 | | (dmk) (Entered: 03/03/2003) |

| | | |
|---|---|---|
| 02/27/2003 | | File merged w/Case No. M-03-4-N as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter (dmk) (Entered: 03/03/2003) |
| 03/03/2003 | | ARRAIGNMENT as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter set for 10:00 3/12/03 for Jerry Joseph Higdon Jr., for John Gabriel Medley, for Tammy Kincaid Porter at Courtroom 5A before Mag Judge Vanzetta P. McPherson (dkt clerk) (Entered: 03/03/2003) |
| 03/04/2003 | 41 | ARRAIGNMENT NOTICE as to Jerry Joseph Higdon Jr.; Arraignment at 10:00 3/12/03 for Jerry Joseph Higdon Jr. at Courtroom 5A before Mag Judge Vanzetta P. McPherson ; ARRAIGNMENT Notice sent to ATTORNEYS Michael J. Petersen for defendant Jerry Joseph Higdon Jr., Stephen P. Feaga for plaintiff USA; furnished to USM,PO,PTSO; mailed to defendant (dkt clerk) (Entered: 03/04/2003) |
| 03/04/2003 | 44 | ORDER TO PRODUCE PRISONER FOR ARRAIGNMENT as to Jerry Joseph Higdon Jr. setting Arraignment for at 10:00 3/12/03 for Jerry Joseph Higdon Jr. for Courtroom 5A before Mag Judge Vanzetta P. McPherson in Courtroom 5A ( Signed by Mag Judge Vanzetta P. McPherson ) Copies furnished to: USA, USM, USPO, USPTS, Deft., Atty., YG, HC (dmk) (Entered: 03/04/2003) |
| 03/12/2003 | | ARRAIGNMENT as to Jerry Joseph Higdon Jr. held before Mag Judge Vanzetta P. McPherson on 3/12/03 Defendant(s) appeared with counsel and after having been advised of Defendant(s') rights, entered a plea of Not Guilty. (Digital recording 10:15-10:26) (dmk) (Entered: 03/12/2003) |
| 03/12/2003 | | PLEA of Not Guilty: Jerry Joseph Higdon (1) count(s) 1, 2, 3-4, 5, 6, 7, 8, 9, 10 ; Court accepts plea. (dmk) (Entered: 03/12/2003) |
| 03/12/2003 | 46 | Courtroom Deputy's Minutes as to Jerry Joseph Higdon Jr., : Arraignment held before Mag. Judge McPherson (Digital recording 10:15-10:26) (dmk) Modified on 03/12/2003 (Entered: 03/12/2003) |
| 03/13/2003 | 51 | ORDER on Arraignment as to Jerry Joseph Higdon Jr. that all Discovery shall be conducted according to the requirements of this court's Standing Order on Crimianl Discovery; directing that Discovery by the government is due on or before 3/14/03 for Jerry Joseph Higdon Jr.; that the defendant shall provide disclosure on or before 3/19/03; all Pretrial Motions are due by 4/11/03 for Jerry Joseph Higdon Jr. ; Pretrial Conference is set for 10:00 a.m. on 4/14/03 for Jerry Joseph Higdon Jr. in U.S. Courthouse before Mag Judge Vanzetta P. McPherson; directing the any requested voir dire questions and jury instruction be filed no later than one week before jury selection; Jury Trial is set for 10:00 a.m. on 5/5/03 for Jerry Joseph Higdon Jr. at U.S. Courthouse before Unassigned Judge ; setting Jury Selection for 10:00 a.m. on 5/5/03 for Jerry Joseph Higdon Jr. in U.S. Courthouse before Unassigned Judge |

|  |  | and government to pretrial motions due 10 days from motion filing date. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, USPTS, RL, DK, YG, HC, WR (ws) (Entered: 03/13/2003) |
|---|---|---|
| 04/10/2003 |  | TRANSCRIPT of detention/preliminary hearing filed in case as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter for dates of 2/3/03 & 2/5/03. Referred to Mag. Judge McPherson. (dkt clerk) (Entered: 04/10/2003) |
| 04/10/2003 | 57 | NOTICE OF ALIBI by Jerry Joseph Higdon Jr.. Referred to Mag. Judge McPherson. (dkt clerk) (Entered: 04/11/2003) |
| 04/10/2003 | 58 | NOTICE of Entrapment Defense by Jerry Joseph Higdon Jr.. Referred to Mag. Judge McPherson. (dkt clerk) (Entered: 04/11/2003) |
| 04/10/2003 | 59 | MOTION by Jerry Joseph Higdon Jr. for Disclosure of name of confidential informant [59-1] referred to Mag Judge Vanzetta P. McPherson (dkt clerk) (Entered: 04/11/2003) |
| 04/10/2003 | 60 | EX PARTE MOTION by Jerry Joseph Higdon Jr. for issuance of subpoena [60-1] referred to Mag Judge Vanzetta P. McPherson (dkt clerk) (Entered: 04/11/2003) |
| 04/10/2003 | 61 | EX PARTE MOTION by Jerry Joseph Higdon Jr. to obtain arraignment and detention hearing transcripts [61-1] referred to Mag Judge Vanzetta P. McPherson (dkt clerk) (Entered: 04/11/2003) |
| 04/14/2003 |  | Pre-trial conference as to Jerry Joseph Higdon Jr. held before Mag Judge Vanzetta P. McPherson on 4/14/03 (Digital 10:15-10:20) (dmk) (Entered: 04/14/2003) |
| 04/14/2003 | 63 | Courtroom Deputy's Minutes as to Jerry Joseph Higdon Jr.: Pretrial conference held before Judge McPherson (Digital: 10:15-10:20) (dmk) (Entered: 04/14/2003) |
| 04/17/2003 | 65 | PRETRIAL CONFERENCE ORDER as to Jerry Joseph Higdon Jr. Setting Jury Selection for 10:00 a.m. on 5/5/03 for Jerry Joseph Higdon Jr. at U.S. Courthouse before Judge Mark E. Fuller in Courtroom 2A , Setting Jury Trial for 10:00 a.m. on 5/5/03 for Jerry Joseph Higdon Jr. before Judge Mark E. Fuller at U.S. Courthouse and is expected to last 1 1/2/ days; the pending motions in this case relate to discovery; the government has until 4/23/03 to produce outstanding discovery; Setting voir dire questions due on 4/28/03 for Jerry Joseph Higdon Jr. ; all motions in limine shall be filed on or before 4/28/03; Setting proposed jury instructions due on 4/28/03 for Jerry Joseph Higdon Jr.; the last day on which the court will entertain a plea is 4/30/03 ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, USPTS, RL, DK, YG, HC, WR (ws) (Entered: 04/17/2003) |

| 04/17/2003 | | CASE Assigned to Judge Mark E. Fuller (ws) (Entered: 04/17/2003) |
|---|---|---|
| 04/17/2003 | 71 | ORDER as to Jerry Joseph Higdon Jr. Setting remaining Discovery deadline to for 4/23/03 for Jerry Joseph Higdon Jr. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, USPTS, RL, DK (ws) (Entered: 04/17/2003) |
| 04/17/2003 | 72 | PETITION (MOTION) by USA as to Jerry Joseph Higdon Jr. for and Order directing the U.S. Marshal to Release Custody of Defendant into the custody of SA Tom Halaz, and/or David DeJohn on 4/18/03 through 6/30/03 so that said agents can take such prisoner into custody for the purpose of transporting him to the Office of the USA without the necessity of the presence of a Deputy USM and to return said prisoner to said officials when the they have finished with him [72-1] referred to Mag Judge Vanzetta P. McPherson (ws) (Entered: 04/18/2003) |
| 04/17/2003 | | **Terminated document(s) as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter : terminating [73-1] motion for Bill of Particulars as to Jerry Joseph Higdon (1), John Gabriel Medley (1), Tammy Kincaid Porter (1) (ws) (Entered: 04/24/2003) |
| 04/17/2003 | 73 | BILL OF PARTICULARS for forfeiture by USA as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter (ws) (Entered: 04/24/2003) |
| 04/18/2003 | 74 | ORDER as to Jerry Joseph Higdon Jr. granting [72-1] motion for and Order directing the U.S. Marshal to Release Custody of Defendant into the custody of SA Tom Halaz, and/or David DeJohn on 4/18/03 through 6/30/03 so that said agents can take such prisoner into custody for the purpose of transporting him to the Office of the USA without the necessity of the presence of a Deputy USM and to return said prisoner to said officials when the they have finished with him as to Jerry Joseph Higdon (1) ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USA,USM (dkt clerk) (Entered: 04/21/2003) |
| 04/22/2003 | 75 | Requested Voir Dire Questions by USA as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter. Referred to Judge Fuller. (dkt clerk) (Entered: 04/23/2003) |
| 04/22/2003 | 76 | Proposed Jury Instructions by USA as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter. Referred to Judge Fuller (dkt clerk) (Entered: 04/23/2003) |
| 04/24/2003 | 77 | TRIAL NOTICE as to Jerry Joseph Higdon Jr.; Trial set for 10:00 5/5/03 for Jerry Joseph Higdon Jr. at Courtroom 2A ; TRIAL Notice to ATTORNEYS Michael J. Petersen for defendant Jerry Joseph Higdon Jr., Stephen P. Feaga for plaintiff USA mailed to defendant; furnished to USM,PO,PTSO; Clothing Notice mailed. |

| | | (dkt clerk) (Entered: 04/24/2003) |
|---|---|---|
| 04/24/2003 | | **Reset last document number to 77 (ws) (Entered: 04/24/2003) |
| 04/28/2003 | 81 | MOTION by Jerry Joseph Higdon Jr. for Additional Voir Dire Questions [81-1] referred to Judge Mark E. Fuller (ws) (Entered: 04/29/2003) |
| 04/28/2003 | 82 | Proposed Jury Instructions by Jerry Joseph Higdon Jr. (ws) (Entered: 04/29/2003) |
| 04/30/2003 | 84 | EX PARTE MOTION by Jerry Joseph Higdon Jr. requiring issuance of subpoena ad testificandum for service [84-1] referred to Mag Judge Vanzetta P. McPherson (dkt clerk) (Entered: 04/30/2003) |
| 05/02/2003 | | ** Renoticed document [89-1] report and recommendations Objections Objections due by 5/9/03 [89-1] report and recommendations (to pick parties for bar code.) (dkt clerk) (Entered: 05/02/2003) |
| 05/05/2003 | 90 | ORDER as to Jerry Joseph Higdon Jr. granting [84-1] motion requiring issuance of subpoena ad testificandum for service as to Jerry Joseph Higdon (1) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Counsel, Copies furnished to: USM (ws) (Entered: 05/05/2003) |
| 05/05/2003 | 91 | WRIT of Habeas Corpus ad Testificandum issued for Philip Byran for 5/5/03 in case as to Jerry Joseph Higdon Jr. (ws) (Entered: 05/05/2003) |
| 05/05/2003 | | Voir dire begun before Judge Fuller as to Jerry Joseph Higdon (1) count(s) 1, 2, 3-4, 5, 6, 7, 8, 9, 10. (James R. Dickens - Court Reporter) (dkt clerk) (Entered: 05/06/2003) |
| 05/05/2003 | | Jury selection as to Jerry Joseph Higdon Jr. held before Judge Mark E. Fuller on 5/5/03. Trial to commence 5/6/03 at 9:00 a.m. (Court Reporter - James R. Dickens) (dkt clerk) (Entered: 05/06/2003) |
| 05/05/2003 | | Jury trial as to Jerry Joseph Higdon Jr. set for 9:00 5/6/03 for Jerry Joseph Higdon Jr. at Courtroom 2A before Judge Mark E. Fuller (dkt clerk) (Entered: 05/06/2003) |
| 05/06/2003 | | Jury trial as to Jerry Joseph Higdon Jr. commences before Judge Mark E. Fuller on 5/6/03. (Court Reporter - James R. Dickens.) (dkt clerk) (Entered: 05/06/2003) |
| 05/06/2003 | 92 | SUPPLEMENTAL Proposed Jury Instructions by USA as to Jerry Joseph Higdon Jr. (1-7) (dkt clerk) (Entered: 05/06/2003) |
| 05/07/2003 | | Jury trial as to Jerry Joseph Higdon Jr. resumes before Judge Mark E. Fuller on 5/7/03 (dkt clerk) (Entered: 05/07/2003) |

| 05/07/2003 | | MOTION in open court by Jerry Joseph Higdon Jr. for Judgment of Acquittal at the close of the government's case (dkt clerk) (Entered: 05/07/2003) |
| 05/07/2003 | | ORAL ORDER as to Jerry Joseph Higdon Jr. denying [0-0] oral motion for Judgment of Acquittal at the close of the government's case as to Jerry Joseph Higdon (1) ( Entered by Judge Mark E. Fuller ) (dkt clerk) (Entered: 05/07/2003) |
| 05/08/2003 | | Jury trial as to Jerry Joseph Higdon Jr. resumes before Judge Mark E. Fuller on 5/8/03 (dkt clerk) (Entered: 05/08/2003) |
| 05/08/2003 | | MOTION in open court by Jerry Joseph Higdon Jr. for Judgment of Acquittal at the conclusion of the defendants case. (dkt clerk) (Entered: 05/08/2003) |
| 05/08/2003 | | ORAL ORDER as to Jerry Joseph Higdon Jr. denying [0-0] oral motion for Judgment of Acquittal at the conclusion of the defendant's case. as to Jerry Joseph Higdon (1) ( Entered by Judge Mark E. Fuller ) (dkt clerk) (Entered: 05/08/2003) |
| 05/08/2003 | | Jury deliberations commence as to Jerry Joseph Higdon Jr. (dkt clerk) Modified on 05/12/2003 (Entered: 05/12/2003) |
| 05/08/2003 | 95 | Jury note No. 1 filed as to Jerry Joseph Higdon Jr. (dkt clerk) (Entered: 05/12/2003) |
| 05/08/2003 | | REDACTED INDICTMENT as to Jerry Joseph Higdon Jr.(Removing the forfeiture allegations) that was sent to the jury. (dkt clerk) (Entered: 05/12/2003) |
| 05/09/2003 | | Jury deliberations resume as to Jerry Joseph Higdon Jr. (dkt clerk) (Entered: 05/12/2003) |
| 05/09/2003 | 96 | Jury note No. 2 filed as to Jerry Joseph Higdon Jr. (dkt clerk) (Entered: 05/12/2003) |
| 05/09/2003 | 97 | Jury note No. 3 filed as to Jerry Joseph Higdon Jr. (dkt clerk) (Entered: 05/12/2003) |
| 05/09/2003 | 98 | Jury note No. 4 filed as to Jerry Joseph Higdon Jr. (dkt clerk) (Entered: 05/12/2003) |
| 05/09/2003 | 99 | Jury note No. 5 filed as to Jerry Joseph Higdon Jr. (dkt clerk) (Entered: 05/12/2003) |
| 05/09/2003 | 100 | Jury note No. 6 filed as to Jerry Joseph Higdon Jr. (dkt clerk) (Entered: 05/12/2003) |
| 05/09/2003 | 101 | JURY VERDICT of Not Guilty: Jerry Joseph Higdon (1) count(s) 1, 5, 6, 7, 8, 9 , Guilty: Jerry Joseph Higdon (1) count(s) 2, 3-4, 10 (dkt clerk) (Entered: 05/12/2003) |
| 05/09/2003 | 102 | ORDER as to Jerry Joseph Higdon Jr. set Sentencing for for 9:00 8/5/03 for Jerry Joseph Higdon Jr. at U.S. Courthouse before |

| | | |
|---|---|---|
| | | Judge Mark E. Fuller in U.S. Courthouse; that objections to the PSI Report shall be made in writing to the probation officer on or before 7/15/03; scheduling a telephone conference for the parties with the probation officer for 11:00 a.m. on 7/17/03 ( Signed by Judge Mark E. Fuller ) Copies mailed to: counsel, Copies furnished to: USA,PO,PTSO,USM,HC,YG (dkt clerk) (Entered: 05/12/2003) |
| 05/12/2003 | | ** Renoticed document [102-2] order to pick parties. Did not get copies from first scan. (dkt clerk) (Entered: 05/12/2003) |
| 05/12/2003 | 103 | Courtroom Deputy's Minutes of trial proceedings as to Jerry Joseph Higdon Jr. with attached witness and exhibit lists. (Government's exhibits 8,9,10,11,12,13,14,18,18a and 19 returned to AUSA at the conclusion of the trial.) Remaining exhibits in exhibit room in separate container.: (dkt clerk) (Entered: 05/12/2003) |
| 05/15/2003 | 106 | RENEWED MOTION by Jerry Joseph Higdon Jr. for Judgment of Acquittal [106-1] referred to Judge Mark E. Fuller (ws) (Entered: 05/16/2003) |
| 05/20/2003 | 107 | MOTION by Jerry Joseph Higdon Jr. for New Trial pursuant to FRCrP.33 [107-1] referred to Judge Mark E. Fuller (ws) (Entered: 05/20/2003) |
| 06/02/2003 | 108 | ORDER as to Jerry Joseph Higdon Jr. Government's Response to Motion set for 6/16/03 for Jerry Joseph Higdon Jr. for [106-1] motion for Judgment of Acquittal, set for 6/16/03 for Jerry Joseph Higdon Jr. for [107-1] motion for New Trial pursuant to FRCrP.33 ( Signed by Judge Mark E. Fuller ) Copies mailed to: counsel, Copies furnished to: USA (dkt clerk) (Entered: 06/02/2003) |
| 06/16/2003 | 109 | RESPONSE by USA as to Jerry Joseph Higdon Jr. re [106-1] motion for Judgment of Acquittal referred to Judge Mark E. Fuller (ws) (Entered: 06/17/2003) |
| 06/16/2003 | 110 | RESPONSE by USA as to Jerry Joseph Higdon Jr. re [107-1] motion for New Trial pursuant to FRCrP.33 referred to Judge Mark E. Fuller (ws) (Entered: 06/17/2003) |
| 06/26/2003 | 111 | ORDER as to Jerry Joseph Higdon Jr., John Gabriel Medley reset Sentencing for for 9:00 8/8/03 for Jerry Joseph Higdon Jr., for John Gabriel Medley at Courtroom 2A before Judge Mark E. Fuller in Courtroom 2A ( Signed by Judge Mark E. Fuller ) Copies mailed to: defendants, counsel, Copies furnished to: USA,PO,PTSO,USM,FPD,HC,YG (dkt clerk) (Entered: 06/26/2003) |
| 07/02/2003 | 113 | ORDER as to Jerry Joseph Higdon Jr. denying [107-1]Renewed motion for New Trial pursuant to FRCrP.33 as to Jerry Joseph (1), denying [106-1]Renewed motion for Judgment of Acquittal as to Jerry Joseph Higdon (1) ( Signed by Judge Mark E. Fuller ) Copies mailed to: counsel, Copies furnished to: USA,PO (dkt clerk) (Entered: 07/02/2003) |

| 07/02/2003 | 114 | ORDER as to Jerry Joseph Higdon Jr. denying as moot [81-1] motion for Additional Voir Dire Questions as to Jerry Joseph (1) ( Signed by Judge Mark E. Fuller ) Copies mailed to: counsel, Copies furnished to: USA (dkt clerk) (Entered: 07/02/2003) |
| 07/21/2003 | 117 | MOTION by Jerry Joseph Higdon Jr. for Leave to File out of time motion , and Renewed motion for New Trial [117-1] referred to Judge Mark E. Fuller, [117-2] referred to Judge Mark E. Fuller. (Exhibit A Attached.) (dkt clerk) (Entered: 07/21/2003) |
| 07/21/2003 | 118 | MOTION by Jerry Joseph Higdon Jr. for Leave to File out of time motion , and renewed motion for Judgment of Acquittal [118-1] referred to Judge Mark E. Fuller, [118-2] referred to Judge Mark E. Fuller. (Exhibit A attached.) (dkt clerk) (Entered: 07/21/2003) |
| 07/23/2003 | 120 | SENTENCING NOTICE as to Jerry Joseph Higdon Jr.; Sentencing set for 9:00 8/8/03 for Jerry Joseph Higdon Jr. at Courtroom 2A ; SENTENCING Notice sent to ATTORNEYS Michael J. Petersen for defendant Jerry Joseph Higdon Jr., Stephen P. Feaga for plaintiff USA ; Copies furnished to: USM,PO,PTSO; mailed to deft. (dkt clerk) (Entered: 07/23/2003) |
| 07/25/2003 | | TRANSCRIPT (Excerpt of testimony of John Gabried Medley) filed in case as to Jerry Joseph Higdon Jr. for dates of 5/7/03 (dkt clerk) (Entered: 07/28/2003) |
| 07/25/2003 | | TRANSCRIPT (Excerpt of testimony of Jerry Joseph Higdoon) filed in case as to Jerry Joseph Higdon Jr. for dates of 5/8/03. (Court Reporter: James R. Dickens) (dkt clerk) (Entered: 07/28/2003) |
| 07/28/2003 | 127 | ORDER as to Jerry Joseph Higdon Jr. granting [117-1] motion for Leave to File out of time renewed motion for new trial to Jerry Joseph Higdon (1)denying [117-2] motion Renewed motion for New Trial as to Jerry Joseph Higdon (1)denying [118-1] motion for Leave to File out of time renewed motion for judgment of acquittal as to Jerry Joseph Higdon (1) ( Signed by Judge Mark E. Fuller ) Copies to: counsel, Copies furnished to: USA (dkt clerk) (Entered: 07/28/2003) |
| 07/28/2003 | | **Terminated document(s) as to Jerry Joseph Higdon Jr.: terminating [118-2] motion renewed motion for Judgment of Acquittal as to Jerry Joseph Higdon (1). Per 7/28/03 order the court denied leave to file this pleading. (dkt clerk) (Entered: 07/28/2003) |
| 07/29/2003 | 129 | MOTION by Jerry Joseph Higdon Jr. to obtain partial trial transcript [129-1] referred to Judge Mark E. Fuller (dkt clerk) (Entered: 07/30/2003) |
| 07/31/2003 | 130 | STAMPED ORDER as to Jerry Joseph Higdon Jr. granting [129-1] motion to obtain partial trial transcript as to Jerry Joseph Higdon (1) ( Entered by Judge Mark E. Fuller ) Copies mailed to: counsel, Copies furnished to: USA (dkt clerk) (Entered: 08/01/2003) |

| 08/04/2003 | 139 | CJA 24 as to Jerry Joseph Higdon Jr. Authorization to Pay James R. Dickens $ 103.75 for Transcript Voucher # 03080600002 ( Signed by Judge Mark E. Fuller ) Copies mailed to: Counsel, (ws) (Entered: 08/25/2003) |
|---|---|---|
| 08/07/2003 |  | Deadline updated as to Jerry Joseph Higdon Jr., sen reset Sentencing for for 10:00 on 8/8/03 instead of 9:00 for Jerry Joseph Higdon Jr. at Courtroom 2A before Judge Mark E. Fuller in Courtroom 2A (dkt clerk) (Entered: 08/07/2003) |
| 08/07/2003 | 133 | EX PARTE MOTION by Jerry Joseph Higdon Jr. for order requiring issuance of subpoenas ad testificandum for service [133-1] referred to Mag Judge Vanzetta P. McPherson (dkt clerk) (Entered: 08/07/2003) |
| 08/07/2003 | 134 | ORDER as to Jerry Joseph Higdon Jr. granting [133-1] motion for order requiring issuance of subpoenas ad testificandum for service for witnesses appearance at sentencing on 8/8/03 at 10:00 a.m.as to Jerry Joseph Higdon (1) ( Signed by Judge Mark E. Fuller ) Copies mailed to: counsel, Copies furnished to: USM (dkt clerk) (Entered: 08/07/2003) |
| 08/08/2003 |  | Sentencing held before Judge Mark E. Fuller on 8/8/03 Jerry Joseph Higdon (1) count(s) 2, 3-4, 10. (James R. Dickens - Court Reporter) (dkt clerk) (Entered: 08/13/2003) |
| 08/08/2003 | 135 | Courtroom Deputy's Minutes of sentencing hearing as to Jerry Joseph Higdon Jr.: (dkt clerk) (Entered: 08/13/2003) |
| 08/08/2003 |  | **Terminated document(s) as to Jerry Joseph Higdon Jr.: terminating [61-1] motion to obtain arraignment and detention hearing transcripts as to Jerry Joseph Higdon (1), terminating [60-1] motion for issuance of subpoena as to Jerry Joseph Higdon (1), terminating [59-1] motion for Disclosure of name of confidential informant as to Jerry Joseph Higdon (1) (dmk) (Entered: 11/25/2003) |
| 08/19/2003 | 137 | JUDGMENT Jerry Joseph Higdon (1) count(s) 2, 3 -4 . 480 months imprisonment on each of Counts 2,3 and 4 to be served consecutively; 5 years supervised release on each of count's 2,3 and 4 to run concurrently; , Jerry Joseph Higdon (1) count(s) 10. 300 months imprisonment to run consecutively to the sentence imposed on Counts 2, 3 and 4; Court recommends that the defendant be designated to a facility where Intensive Residential Substance Abuse Treatment is available; 5 years supervised release to run concurrent with the supervised release imposed on Counts 2, 3 and 4; defendant is to make restitution to Holloway Credit Solutions, P.O. Box 230609, Montgomery, AL 36123 ATTN: Jan Lang in the amount of $2,515.00; $538.00 in restitution to Delta Recovery Systems (Acct. No. 47732) P.O. Box 606, One East Mill Road, Long Valley, NJ 07853 ATTN: Jackie Johnson; $425.00 in restitution to Pro Bill (Acct. No. 507046) 533 4th |

|  |  | Avenue, Huntington, WV 25701 ATTN: Kim L.; the Court waived the interest requirement on the restitution; Pay a Special Assessment fee of $400.00 ($100.00 on each of Counts 2,3,4 and 10). Payment of the assessment fee and restitution are due in full immediately and any balance remaining at the start of supervision shall be paid at the rate of not less than $150.00 per month , Jerry Joseph Higdon (1) count(s) 5 , 6 , 7 , 8 , 9 . Acquitted ( Signed by Judge Mark E. Fuller ) Copies mailed to: counsel and defendant, Copies furnished to: USA,PO,PTSO,USM,FINANCIAL. (AMENDED JUDGEMENT entered 9/2/03 to reflect correct Nature of Offense description for count 4) (dkt clerk) Modified on 09/02/2003 (Entered: 08/20/2003) |
| --- | --- | --- |
| 08/23/2003 | 140 | MOTION by Jerry Joseph Higdon Jr. to Amend and/or Correct Record (Judgment) [140-1] referred to Judge Mark E. Fuller (snc) (Entered: 08/26/2003) |
| 08/23/2003 | 143 | NOTICE OF APPEAL by Jerry Joseph Higdon (1) count(s) 2, 3-4, 10 to U.S. Circuit Court of Appeals, 11th Circuit, Copies mailed to: USCA, Counsel, Copies furnished to: USA (kcg) (Entered: 08/26/2003) |
| 08/26/2003 |  | Notice of appeal and certified copy of docket, Judgments/Orders, and Magistrate Judge recommendations as to Jerry Joseph Higdon Jr. sent to USCA (11th Circuit): [143-1] appeal (kcg) (Entered: 08/26/2003) |
| 09/02/2003 | 145 | AMENDED JUDGMENT to correct Nature of Offense for Count 4: Jerry Joseph Higdon (1) count(s) 2, 3 -4 . 480 months on each of counts 2,3 and 4 consecutive to each other; 5 years supervised release concurrently with each other; $100 SA on each of counts 2,3, and 4; total restitution in the amount of $3,478.00 as follows: to Holloway Credit Solutions; $538.00 to Delta Recovery Systems; $425.00 to Pro Bill; restitution and assessment are due immediately and any balance remaining at the start of supervision shall be paid at the rate of not less than $150.00 per months , Jerry Joseph Higdon (1) count(s) 10. 300 months to be served consecutively to sentences imposed on Counts 2,3 and 4; Court recommends defendant be designated to a facility where Intensive Residential Substance Abuse Treatment is available; 5 years supervised release to run concurrently with the supervised release in counts 2,3 and 4; $100 special assessment fee (TOTAL ASSESSMENT FEE is $400.00) which is due immediately. , Joseph Higdon (1) count(s) 1, 5 , 6 , 7 , 8 , 9 acquitted by jury . ( Signed by Judge Mark E. Fuller ) , Copies furnished USA,PO,PTSO,USM,FINANCIAL (dkt clerk) (Entered: 09/02/2003) |
| 09/02/2003 | 146 | ORDER as to Jerry Joseph Higdon Jr. denying [140-1] motion to Amend and/or Correct Record (Judgment) in light of the Amended Judgment entered this date as to Jerry Joseph Higdon (1) ( Signed by Judge Mark E. Fuller ) Copies to: counsel, Copies furnished to: |

| | | USA,PO,PTSO,USM (dkt clerk) (Entered: 09/02/2003) |
|---|---|---|
| 09/02/2003 | | USCA Case Number as to Jerry Joseph Higdon Jr. Re: [143-1] appeal USCA Number: 03-14365-J (kcg) (Entered: 09/03/2003) |
| 09/03/2003 | | Received notice of CJA appointment of Attorney Michael John Petersen to represent Jerry Joseph Higdon, Jr., for appeal purposes. (kcg) (Entered: 09/04/2003) |
| 09/15/2003 | | CJA 24 Voucher mailed to Attorney Michael Petersen for signature in Section #15. (kcg) (Entered: 09/15/2003) |
| 10/14/2003 | 152 | CJA 20 Authorization to pay Michael J. Petersen for defendant Jerry Joseph Higdon Jr., Amount: $ 13,054.35 Voucher # 030910000015 ( Signed by Circuit Judge Charles R. Wilson ) Copies mailed to: Counsel, (ws) (Entered: 11/13/2003) |
| 10/17/2003 | | TRANSCRIPT (Vol. I) filed as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter for dates of February 3, 2003 Preliminary and Detention Hearing [143-1] appeal (kcg) Modified on 10/22/2003 (Entered: 10/22/2003) |
| 10/17/2003 | | TRANSCRIPT (Vol. II) filed as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter for dates of February 5, 2003 Continutation of Preliminary and Detention Hearing [143-1] appeal (kcg) (Entered: 10/22/2003) |
| 10/17/2003 | | TRANSCRIPT filed as to Jerry Joseph Higdon Jr. for dates of May 5, 2003 Jury Selection [143-1] appeal (kcg) (Entered: 10/22/2003) |
| 10/17/2003 | | TRANSCRIPT filed as to Jerry Joseph Higdon Jr. for dates of May 6, 2003 Jury Trial (Vol. 1) [143-1] appeal (kcg) (Entered: 10/22/2003) |
| 10/17/2003 | | TRANSCRIPT filed as to Jerry Joseph Higdon Jr. for dates of May 7, 2003 Jury Trial (Vol. II) [143-1] appeal (kcg) (Entered: 10/22/2003) |
| 10/17/2003 | | TRANSCRIPT filed as to Jerry Joseph Higdon Jr. for dates of May 8, 2003 Jury Trial (Vol. III) [143-1] appeal (kcg) (Entered: 10/22/2003) |
| 10/17/2003 | | TRANSCRIPT filed as to Jerry Joseph Higdon Jr. for dates of May 9, 2003 Jury Trial (Vol. IV) [143-1] appeal (kcg) (Entered: 10/22/2003) |
| 10/17/2003 | | TRANSCRIPT filed as to Jerry Joseph Higdon Jr. for dates of August 8, 2003 Sentencing Hearing [143-1] appeal (kcg) (Entered: 10/22/2003) |
| 10/20/2003 | 149 | CJA 24 as to Jerry Joseph Higdon Jr. Authorization to Pay James R. Dickens $ 2,689.50 for Transcript ( Signed by Judge Mark E. Fuller ) , (kcg) (Entered: 10/21/2003) |

| 10/22/2003 | | CERTIFICATE OF READINESS of record on appeal mailed to USCA, 11th Circuit and counsel: [143-1] appeal by Jerry Joseph Higdon Jr. (kcg) (Entered: 10/22/2003) |
| 10/29/2003 | 150 | MOTION by Jerry Joseph Higdon Jr. for Leave to File Out of Time Motion and Motion Renewed Motion for New Trial Pursuant to F.R. Cr. P. 33 with Exhibits A-E attached. [150-1] referred to Judge Mark E. Fuller (dkt clerk) Modified on 10/30/2003 (Entered: 10/30/2003) |
| 11/06/2003 | 151 | ORDER as to Jerry Joseph Higdon Jr. denying [150-1] motion for Leave to File Out of Time Motion and Motion Renewed Motion for New Trial Pursuant to F.R. Cr. P. 33 with Exhibits A-E attached. as to Jerry Joseph Higdon (1) ( Signed by Judge Mark E. Fuller ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, RL (ws) (Entered: 11/06/2003) |
| 12/23/2003 | 164 | Notice of Criminal Forfeiture returned and filed on Montgomery Avertiser. (kcg) (Entered: 12/31/2003) |
| 12/30/2003 | | **Case closed as to Jerry Joseph Higdon Jr., John Gabriel Medley, Tammy Kincaid Porter (all defendants). party Tammy Kincaid Porter, party John Gabriel Medley, party Jerry Joseph Higdon (kcg) (Entered: 12/30/2003) |
| 01/14/2004 | 167 | Judgment Returned Executed as to Jerry Joseph Higdon Jr. delivered on 12/15/03 to USP Atlanta FFT. (kcg) Modified on 03/31/2004 (Entered: 01/22/2004) |
| 01/14/2004 | 168 | Amended Judgment Returned Executed as to Jerry Joseph Higdon Jr.; on 12/15/03 (kcg) (Entered: 01/23/2004) |
| 03/18/2004 | 174 | MOTION by USA as to Jerry Joseph Higdon Jr. to supplement the record on appeal [174-1] referred to Judge Mark E. Fuller (ydw) (Entered: 03/19/2004) |
| 03/24/2004 | 176 | STAMPED ORDER as to Jerry Joseph Higdon Jr. granting [174-1] motion to supplement the record on appeal as to Jerry Joseph Higdon (1) ( Entered by Judge Mark E. Fuller ) Copies mailed to: Counsel and USCA, Copies furnished to: USA (ydw) (Entered: 03/30/2004) |
| 03/30/2004 | | SUPPLEMENTAL CERTIFICATE OF READINESS of record on appeal mailed to USCA, 11th Circuit and counsel: [143-1] appeal by Jerry Joseph Higdon Jr. (ydw) (Entered: 03/30/2004) |
| 04/21/2004 | ⊙ | Request for Record on Appeal 143 03-14365-JJ By USCA Eleventh Circuit (ydw, ) (Entered: 04/22/2004) |
| 04/22/2004 | ⊙ | Certified and Transmitted Record on Appeal and Supplemental Record as to Jerry Joseph Higdon Jr. to US Court of Appeals re 143 Notice of Appeal - Final Judgment [03-14365-JJ] (ydw, ) (Entered: 04/22/2004) |

| | | |
|---|---|---|
| 04/30/2004 | | Acknowledgement of Receipt of Record on Appeal from USCA re 143 Notice of Appeal - Final Judgment USCA NUMBER: 03-14365-JJ (ydw, ) (Entered: 05/03/2004) |
| 07/14/2004 | | TRANSCRIPT filed as to Jerry Joseph Higdon Jr. for dates of May 5, 2003 Jury Selection before Judge Mark E. Fuller, re 143 Notice of Appeal - Final Judgment Court Reporter: James R. Dickens. There is no pdf document with this entry (ydw, ) (Entered: 07/15/2004) |
| 07/15/2004 | | Payment Received from BOP: as to Jerry Joseph Higdon Jr. $ 25.00 Assessment payment; receipt number 102942 (ws) (Entered: 07/22/2004) |
| 01/14/2005 | | Payment Received from BOP: as to Jerry Joseph Higdon, Jr $ 25.00 assessment; receipt number 105030 (ws, ) (Entered: 01/18/2005) |
| 04/11/2005 | | Payment Received from BOP: as to Jerry Joseph Higdon, Jr $ 25.00 assessment, receipt number 105953 (ws, ) (Entered: 04/19/2005) |
| 07/05/2005 | 177 | Per Curiam Opinion received from USCA Eleventh Circuit of Opinion Entered on 09/28/04; AFFIRMED. (ydw, ) (Entered: 07/13/2005) |
| 07/05/2005 | 178 | JUDGMENT of USCA ISSUED AS MANDATE 07/01/05 (certified copy) as to Jerry Joseph Higdon, Jr re 03-14365-ee, 143 Notice of Appeal - Final Judgment; AFFIRMING District Court decision. (ydw, ) (Entered: 07/13/2005) |
| 07/08/2005 | | Payment Received from BOP: as to Jerry Joseph Higdon, Jr $ 30.00 assessment, receipt number 106918 (ws, ) (Entered: 07/27/2005) |
| 08/10/2005 | | Appeal Record (Twelve Volumes, First Supp. Volume and One PSI)Returned as to Jerry Joseph Higdon, Jr: 03-14365-EE, 143 Notice of Appeal - Final Judgment; PSI returned to USP (Entered: 08/11/2005) |
| 10/07/2005 | | Payment Received from BOP: as to Jerry Joseph Higdon, Jr $ 25.00 assessment, receipt number 107907 (ws, ) (Entered: 10/13/2005) |
| 11/08/2005 | | Payment Received from BOP: as to Jerry Joseph Higdon, Jr $ 25.00 assessment, receipt number 108372 (ws, ) (Entered: 11/10/2005) |
| 12/07/2005 | | Payment Received from BOP: as to Jerry Joseph Higdon, Jr $ 25.00 assessment, receipt number 108665 (ws, ) (Entered: 12/08/2005) |

| 12/30/2005 | ●179 | ORDER of USCA (certified copy) as to Jerry Joseph Higdon, Jr re 03-14365-E, 143 Notice of Appeal - Final Judgment; Appellant's motion for extension of time, to and including January 24, 2006, in which to file the petition for rehearing and/or petition for rehearing en banc is GRANTED. /s/ R. Lanier Anderson, UNITED STATES CIRCUIT JUDGE (ydw, ) (Entered: 01/03/2006) |
| --- | --- | --- |
| 01/09/2006 | | Payment Received from BOP: as to Jerry Joseph Higdon, Jr $ 25.00 assessment, receipt number 108933 (ws) (Entered: 01/10/2006) |
| 02/07/2006 | | Payment Received from BOP: as to Jerry Joseph Higdon, Jr $ 25.00 assessment, receipt number 109232 (ws, ) (Entered: 02/08/2006) |
| 04/11/2006 | | Payment Received from BOP: as to Jerry Joseph Higdon, Jr $ 30.00 assessment, receipt number 109885 (ws ) (Entered: 04/12/2006) |
| 04/19/2006 | ●180 | Per Curiam Opinion ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES received from USCA Eleventh Circuit of Opinion Entered on 12/13/05; Our opinion affirming the convicition and sentence in this case is accordingly REINSTATED. (ydw, ) (Entered: 04/19/2006) |
| 04/19/2006 | ●181 | JUDGMENT ISSUED AS MANDATE of USCA (certified copy) as to Jerry Joseph Higdon, Jr re 03-14365-EE, 143 Notice of Appeal - Final Judgment; Our opinion affirming the conviction and sentence in this case is accordingly REINSTATED. (ydw, ) (Entered: 04/19/2006) |

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

MIDDLE          District of          ALABAMA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| JERRY JOSEPH HIGDON, JR | Case Number:          2:03CR00043-001 |

Michael J. Peterson
Defendant's Attorney

**FILED**

𝓊

AUG 1 9 2003

**CLERK**
**U. S. DISTRICT COURT**
**MIDDLE DIST. OF ALA.**

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X  was found guilty on count(s)   2, 3, 4 and 10 of the indictment
after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) & 18:2 | Distribution of "Ice" Methamphetamine; aiding and abetting. | 11/12/2002 | 2 |
| 21:841(a)(1) & 18:2 | Distribution of "Ice" Methamphetamine; aiding and abetting. | 12/10/2002 | 3 |
| 21:841(a)(1) & 18:2 | Distribution of "Ice" Methamphetamine; aiding and abetting. | 12/12/2002 | 4 |
| 18:36(b) | Drive-by Shooting. | 12/5/2002 | 10 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X  The defendant has been found not guilty on count(s)   1, 5, 6, 7, 8 and 9 of the indictment.

☐ Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:  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

Defendant's Date of Birth:  February 15, 1963

Defendant's USM No.:  11167-002

Defendant's Residence Address:

2026 Rigby Street

Montgomery, AL 36110

Defendant's Mailing Address:

2026 Rigby Street

Montgomery, AL 36110

August 8, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

MARK E. FULLER, UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

19 August 2003
Date

EOD 8-20-03

137

AO 245B   (Rev. 3/01) Judgment in Criminal Case
            Sheet 2 — Imprisonment

| | | Judgment — Page ___2___ of ___6___ |
|---|---|---|

DEFENDANT:       JERRY JOSEPH HIGDON, JR.
CASE NUMBER:    2:03CR00043-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of ___145 years_____ .

This term consists of terms of 480 months on each of Counts 2, 3 and 4 and 300 months on Count 10, all to be served consecutively to each other.

**X**    The court makes the following recommendations to the Bureau of Prisons:
         That the defendant be designated to a facility where Intensive Residential Substance Abuse Treatment is available.

**X**    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:
    ☐    at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐    before 2 p.m. on _____ .
    ☐    as notified by the United States Marshal.
    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:     JERRY JOSEPH HIGDON, JR.
CASE NUMBER:   2:03CR00043-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term ___5 years.___
This term consists of 5 years on each of Counts 2, 3, 4 and 10, all such terms to run concurrently.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

AO 245B     (Rev. 3/01) Judgment in a Criminal Case
            Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:          JERRY JOSEPH HIGDON, JR.
CASE NUMBER:        2:03CR00043-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in drug testing and/or treatment if directed by the probation officer. The defendant shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

The defendant shall provide the probation officer with any requested financial information.

The defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
      Sheet 5 — Criminal Monetary Penalties

Judgment — Page   _5_   of    _6_

DEFENDANT:       JERRY JOSEPH HIGDON, JR.
CASE NUMBER:    2:03CR00043-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0 | $ 3,478.00 |

☐   The determination of restitution is deferred until  _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| Holloway Credit Solutions<br>P.O. Box 230609<br>Montgomery, AL 36123<br>ATTN: Jan Lang | | $2,515.00 | |
| Delta Recovery Systems<br>(Acct. No. 47732)<br>P.O. Box 606<br>One East Mill Road<br>Long Valley, NJ 07853<br>ATTN: Jackie Johnson | | $538.00 | |
| Pro Bill<br>(Acct. No. 507046)<br>533 4th Avenue<br>Huntington, WV 25701<br>ATTN: Kim L. | | $425.00 | |
| **TOTALS** | $ _____ | $ 3,478.00 _____ | |

☐   If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    X   the interest requirement is waived for the   ☐ fine and/or  X  restitution.

    ☐   the interest requirement for the   ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
          Sheet 6 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___6___

DEFENDANT:         JERRY JOSEPH HIGDON, JR.
CASE NUMBER:       2:03CR00043-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   X   Lump sum payment of $ ___3,878.00___   due immediately, balance due

    ☐ not later than _____ , or
    X in accordance with   ☐ C,   ☐ D, or   X  E below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐C,   ☐D, or   ☐E below); or

**C**   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   X   Special instructions regarding the payment of criminal monetary penalties:

    Payment of the criminal monetary penalties shall be paid to the Clerk, U.S. District Court, P.O. Box 711, Montgomery, AL 36101 and is due in full immediately. Any balance remaining at the start of supervision shall be paid at the rate of not less than $150.00 per month.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

(Note: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

| MIDDLE | District of | ALABAMA |
|---|---|---|

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| JERRY JOSEPH HIGDON, JR. | Case Number:            2:03CR00043-001 |

**Date of Original Judgment:**  8/19/03
(Or Date of Last Amended Judgment)

Michael J. Petersen
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.

X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to   ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**FILED**

**SEP - 2 2003**

**CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.**

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)   2, 3, 4 and 10 of the indictment.
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) & 18:2 | Distribution of "Ice" Methamphetamine; aiding and abetting. | 11/12/2002 | 2 |
| 21:841(a)(1) & 18:2 | Distribution of "Ice" Methamphetamine; aiding and abetting. | 12/10/2002 | 3 |
| 21:841(a)(1) & 18:2 | *Possession with Intent to Distribute "Ice" Methamphetamine; aiding and abetting. | 12/12/2002 | 4 |
| 18:36(b) | Drive-by Shooting | 12/5/2002 | 10 |

The defendant is sentenced as provided in pages 2 _____ 6 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has been found not guilty on count(s)  1, 5, 6, 7, 8 and 9 of the indictment.

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec.    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

Defendant's Date of Birth: February 15, 1963

Defendant's USM No.:   11167-002

Defendant's Residence Address:
2026 Rigby Street
Montgomery, Al 36110

September 2, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

MARK E. FULLER, UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

2 SEPTEMBER 2003
Date

Defendant's Mailing Address:
2026 Rigby Street
Montgomery, AL 36110

ECD 9-2-03

145

AO 245C    (Rev. 3/01) Amended Judgment in a Criminal Case
       Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   6  

DEFENDANT:     JERRY JOSEPH HIGDON, JR.
CASE NUMBER:    2:03CR00043-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of   145 years       .

This term consists of terms of 480 months on each of Counts 2, 3 and 4 and 300 months on Count 10, all to be served consecutively to each other.

X    The court makes the following recommendations to the Bureau of Prisons:
      That the defendant be designated to a facility where Intensive Residential Substance Abuse Treatment is available.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

    ☐  as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  _____  to  _____

at  _____  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 3/01) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___3___ of ___6___

DEFENDANT:        JERRY JOSEPH HIGDON, JR.
CASE NUMBER:   2:03CR00043-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___5 years.___
This term consists of 5 years on each of Counts 2, 3, 4 and 10, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 3/01) Amended Judgment in a Criminal Case
              Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___4___ of ___6___

DEFENDANT:          JERRY JOSEPH HIGDON, JR.
CASE NUMBER:        2:03CR000043-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in drug testing and/or treatment if directed by the probation officer.  The defendant shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

The defendant shall provide the probation officer any requested financial information.

The defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

AO 245C    (Rev. 3/01) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __5__ of __6__

DEFENDANT:         JERRY JOSEPH HIGDON, JR.
CASE NUMBER:       2:03CR00043-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0 | $ 3,478.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Holloway Credit Solutions P.O. Box 230609 Montgomery, AL 36123 ATTN: Jan Lang | | $2,515.00 | |
| Delta Recovery Systems (Acct. No. 47732) P.O. Box 606 One East Mill Road Long Valley, NJ 07853 ATTN: Jackie Johnson | | $538.00 | |
| Pro Bill (Acct. No. 507046) 533 4th Avenue Huntington, WV 25701 ATTN: Kim L. | | $425.00 | |
| **TOTALS** | $ _____ | $ 3,478.00 _____ | |

☐  If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    X  the interest requirement is waived for the    ☐ fine    X  restitution.

    ☐  the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245C    (Rev. 3/01) Amended Judgment in a Criminal Case
         Sheet 6 — Scheduled Payments                                      (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   6   of   6  

DEFENDANT:       JERRY JOSEPH HIGDON, JR.
CASE NUMBER:   2:03CR00043-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   X   Lump sum payment of $   3,878.00     due immediately, balance due

            ☐ not later than                     , or
            X  in accordance with    ☐ C,   ☐ D, or   X  E below; or

**B**   ☐   Payment to begin immediately (may be combined with    ☐ C,     ☐ D, or    ☐ E below); or

**C**   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
          _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
          _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
          term of supervision; or

**E**   X   Special instructions regarding the payment of criminal monetary penalties:

          Payment of the criminal monetary penalties shall be paid to the Clerk, U.S. District Court, P.O. Box 711, Montgomery, AL 36101
          and is due in full immediately. Any balance remaining at the start of supervision shall be paid at the rate of not less than $150.00
          per month.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

       Defendant Name, Case Number, and Joint and Several Amount:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.