IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Civil Action No. 2: 07-CV-310-MEF |
| V. | ) | (CR-99-00043-N-1) |
| | ) | |
| | ) | |
| JERRY JOSEPH HIGDON, JR. | ) | |

## AFFIDAVIT

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF MONTGOMERY | ) |

I, **MICHAEL J. PETERSEN,** being duly sworn, states as follows:

1.      I am currently employed by the office of the Federal Defender for the Middle District of Alabama. During the pendency of the Petitioner's trial, appeal, and Petition for Writ of Certiorari to the Supreme Court of the United States, your affiant was in the private practice of law and as a member of the Criminal Justice Act Panel for the Middle District of Alabama was appointed to represent the Petitioner pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.

2.      I was appointed as trial counsel for Jerry Joseph Higdon, Jr. in this action.

3.      I subsequently represented the Petitioner in his appeal of his conviction and sentencing before the 11th Circuit and also petitioned the Supreme Court of the United States for

a Writ of Certiorari.

4. On April 6, 2007, pursuant to 28 U.S.C. 2255, Higdon filed a petition to vacate, set aside or correct his sentence in this case. (Doc. # 1-1). In this petition, Higdon alleged my representation was ineffective for five reasons which he specified in Ground One and Two. Ground One asserts that Higdon was denied his Sixth Amendment right because trial/appellate counsel failed to properly object to sentencing enhancements, failed to investigate confidential informants and their reliability, failed to argue *Apprendi* for drug amounts introduced at sentencing, and failed to object to the playing of certain tape recordings at the trial. Ground Two asserts that Higdon was also denied his Sixth Amendment right because trial/appellate counsel failed to raise an *Apprendi* claim on direct appeal.

5. This affidavit is in response to this Court's Order, entered on April 13, 2007 (Doc. # 2).

6. Mr. Higdon first alleges "Council (sic) failed to properly object when the District Court was preparing to use enhancements for specific criminal offense level increase to move Defendant from level 28 to level 44, based upon unfounded issues not brought before the Jury which was a clear *Jones/Apprendi* issue." (Doc. # 2, Motion, page 6, second paragraph, "Ground One (1)").

7. This assertion is incorrect. Counsel objected to the drug quantity calculation, arguing that the unindicted marijuana should not have been included and that only 23.58 grams of ice was attributable to him by a preponderance of the evidence. The court overruled these objections and set the base offense level at 36. Additionally, counsel argued that Mr. Higdon was entitled to a two-level reduction because he played a minor role in the offense. Counsel also objected to the obstruction-of-justice enhancement and the recommendation that Mr. Higdon not receive a reduction

2

for acceptance of responsibility. The trial court overruled all of counsel's objections and set his total offense level at 44. Counsel objected to this finding and presented these issues on appeal.

8. The petitioner also alleges that he was denied effective assistance of counsel at trial, because counsel "failed to properly investigate the confidential informants and their reliability." (Doc # 2, Motion, page 6, Ground One, (2)).

9. Prior to trial, counsel, raised an entrapment defense. Counsel contended both at trial and on appeal that Mr. Higdon had been entrapped by the confidential informant. In preparation for this defense, conducted several interviews with Higdon concerning his co-worker who was known by counsel and Higdon to be the confidential informant. The co-worker, who testified for the government at trial, declined to be interviewed by counsel. Higdon testified at trial that he possessed the methamphetamine represented in Counts Two, Three, and Four for personal use only. Counsel believes these defenses were adequately investigated and presented at trial because the jury acquitted Higdon as to Count One, the conspiracy allegation, as well as Counts Five and Six, distribution allegations, and the firearms allegations of Counts Seven, Eight and Nine. Counsel also raised both entrapment and personal use issues on appeal to the Circuit Court.

10. Next, petitioner alleges counsel "failed to investigate and properly prepare for argument on drug amounts which were in proffer. Clearly *Jones/Apprendi* issue and Circuit Precedent as defined in *Rogers* 99-15150 9/29/2000 and *Swatzie* 00-1079 9/29/2000." (Doc # 2, Motion, page 6, Ground One, (3)). The petitioner further asserts that because "[d]efendant specifically requested that Counsel raise three cited cases and supporting arguments on Direct Appeal, Counsel failed to raise *Apprendi* argument as requested by Defendant resulting in denial of *Booker/Fanfan* claim on supplemental brief and subsequent affirmation of Defendants 145 year

sentence." (Doc # 2, Motion, page 7, Ground Two).

11.   Mr. Higdon's trial (May 5 - 9, 2003) and sentencing hearing (August 8, 2003), were conducted prior to the Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 296 (2004). Because the Eleventh Circuit and every other circuit had upheld the Guidelines against *Blakely*-type challenges, counsel did not challenge judicial fact-finding of facts that had not been presented to the jury. Within a month of the *Blakely* decision, however, counsel filed a "motion for leave to file supplemental argument" with the Eleventh Circuit in Petitioner's direct appeal and an accompanying brief asserting that Mr. Higdon's sentence was unconstitutional under *Blakely*. The Eleventh Circuit denied the motion. The Eleventh Circuit affirmed Mr. Higdon's convictions and sentences without addressing the merits of his *Blakely* claim. Counsel then raised this issue amongst others in Mr. Higdon's Petition for Writ of Certiorari to the Supreme Court of the United States. On October 25, 2005, the Supreme Court granted Counsel's Petition on Mr. Higdon's behalf, vacated the sentence, and remanded the matter to the Circuit Court for consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Higdon v. United States*, 126 S. Ct. 83, 84 (2005). Counsel subsequently filed a Motion to Withdraw as counsel, based on leaving private practice, with the Eleventh Circuit. Attorney Maryanne Prince was appointed as counsel for Mr. Higdon.

12.   Petitioner alleges that he was denied effective assistance of counsel at trial, because counsel "failed to object to the playing of taped evidence at trial that had not been shown to have met the Rules of Evidence § 901(a) or to investigate the authenticity of said tapes prior to the actual trial." (Doc # 2, Motion, page 6, Ground One, (4)).

13.   Pursuant to Fed. Rule Evidence 901(a), the government was allowed to play tapes of the conversations between Higdon and the confidential informant (Higdon's co-worker). As there

was no legal basis for objecting to this evidence, no such objection was raised at trial.

Further Affiant saith not.

_____
MICHAEL J. PETERSEN
Affiant

**STATE OF ALABAMA** )
)
**MONTGOMERY COUNTY** )

I, the undersigned authority, a Notary Public in and for said State of Alabama at Large, do hereby certify that **MICHAEL J. PETERSEN**, whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me, on this day, that being informed of the contents of said instrument, he executed the same voluntarily, on the day the same bears date.

**GIVEN** under my hand and official seal this 1st day of May, 2007.

_____
(SEAL)  Notary Public
My Commission Expires: 12/18/10

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil Action No. 2: 07-CV-310-MEF |
| V. | ) | (CR-99-00043-N-1) |
| | ) | |
| JERRY JOSEPH HIGDON, JR. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 1st day of May, 2007, served a copy of the foregoing upon the following, by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed to:

>Jerry J. Higdon, Jr.
>AIS #11167-002
>USP Beaumont
>U.S. Penitentiary
>P. O. Box 26030
>Beaumont, TX 77720

I hereby also certify that on May 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Louis V. Franklin, Sr., Esq.

>Respectfully submitted,
>
>**s/Michael J. Petersen**
>MICHAEL J. PETERSEN
>Assistant Federal Defender
>201 Monroe Street, Suite 407
>Montgomery, Alabama 36104
>Phone: (334) 834-2099
>Fax: (334) 834-0353
>E-mail: michael_petersen@fd.org
>ASB-5072-E48M