IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY JOSEPH HIGDON, JR.,    ) | |
| ) | |
| Petitioner,    ) | |
| ) | |
| v.    ) | Civil Action No. 2:07cv310-MEF |
| ) | |
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Respondent.    ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 5) addressing the claims presented by the petitioner, Jerry Joseph Higdon, Jr., in his 28 U.S.C. § 2255 motion. In its response, the government contends that the § 2255 motion is due to be denied because Higdon is entitled to no relief on the claims presented therein. Specifically, the government argues that Higdon's claims that he was denied due process because the government failed to turn over evidence required by *Brady v. Maryland* and that the district court improperly enhanced his sentence based on known unreliable statements are procedurally barred because the claims were raised and disposed of on direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). The government further argues that Higdon's claim that he was denied due process because the government failed to correct known false testimony by government witnesses is procedurally barred because the claim could have been, but was not, raised on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). The government also argues that even if Higdon's

claims are not procedurally barred, they are meritless and entitle him to no relief. Finally, the government argues that the claims of ineffective assistance of counsel presented by Higdon are without merit and rest on allegations that fail to establish either deficient performance or prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984).

Higdon is advised that a procedural default bars consideration of the merits of a claim unless the petitioner "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before June 4, 2007, Higdon may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after June 4, 2007, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in*

*the United States District Courts*.

Higdon is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Higdon is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Higdon attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. Higdon is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 14th day of May, 2007.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE